HENDERSON, PLAINTIFF IN ERROR, v. BOARD OF COUNTY
    COMMISSIONERS OF THE COUNTY OF PUEBLO, DEFEN-
    DANT IN ERROR.

1. FEES AND SALARIES—STATUTORY CONSTRUCTION.
It is provided by statute that county clerks shall receive as their only
    compensation for their services a salary, payable out of the fees and
    emoluments of their respective offices, actually collected, and not
    otherwise.
2. SAME.
The salary act requires that all fees collected by the several officers
    named be paid over to the county treasurer to be kept by him in
    separate funds, appropriately designated—the fees paid over by the
    county clerk to be known as the "County Clerk's Fee Fund."
    Each officer is to be paid out of his own fund and no other, and any
    balance left to the credit of the fund, after the salary for the year
    is paid, goes into the general county fund.
3. COUNTY CLERKS—FEES AND EMOLUMENTS.
The county clerk holds but one office. He discharges the duties of
    clerk of the board of commissioners and recorder of deeds ex officio,
    and the fees and emoluments arising from their performance are
    the fees and emoluments of his one office.
4. SAME.
The sum allowed by law per diem to the county clerk for his services as
    clerk of the board of commissioners is a fee within the meaning of
    the salary act. It is payable to him absolutely, and the board is
    without authority to annex to its payment any condition whatever.

*Error to the District Court of Pueblo County.*

Mr. B. F. McDANIEL, for plaintiff in error.

Mr. GEORGE SALISBURY, for defendant in error.

THOMSON, J., delivered the opinion of the court.

The plaintiff in error was county clerk of Pueblo county.
On March 7, 1892, he presented to the board of county
commissioners of that county, his bill for services as clerk of
the board, for seventeen days in January, and twenty-four

days in February, of that year, at $5.00 per day. The bills were conditionally allowed by the board, the condition being that the amount be paid into the county treasury. Plaintiff declined to accept the condition, and payment was therefore not made; so that the action of the board amounted to a disallowance of the bill. From this order of the board an appeal was taken to the district court, where the order was sustained, and judgment given against the plaintiff. The law fixes the amount to be paid by the county for such services at $5.00 per day, and it is conceded that the services were rendered as stated.

The arguments of counsel are, for the most part, addressed to the interpretation of the general laws relating to the office of county clerk, and of the Salary Act of April 6, 1891. (Session Laws, 1891, p. 307). This act, which is entitled " An Act to Provide for the Payment of Salaries to certain Officers, to Provide for the Disposition of certain Fees," etc., was passed in pursuance of section 15 of article 14 of the Constitution, and substantially carries out its provisions and requirements. It is provided by section 12 of the act that the county clerks in the several counties shall receive as their only compensation for their services, an annual compensation, to be paid out of the fees and emoluments of their respective offices, actually collected, and not otherwise; which compensation or salary is, in counties of the second class, fixed at $3,500. Pueblo county is made by the act a county of the second class. Section 22 requires all fees collected by the several officers named in the act to be paid over to the county treasurer, to be kept by him in separate funds, appropriately designated; the fees so paid by the county clerk to be known as the " County Clerk's fee fund." The salary of each officer is to be paid out of his own fund and no other; and any balance left to the credit of any fund, after the salary for the year is paid, goes into the general county fund. Section 573, and the sections following, of the General Statutes of 1883, relate to the office of county clerk, and define his duties. He is *ex officio* recorder of deeds, and clerk of the board of

county commissioners. His duties are, among other things, to attend all sessions of the board of county commissioners, to keep the county seal, and the records and papers of the board, to keep a record of the proceedings of the board under its direction, to record all deeds and other instruments, authorized by law to be recorded, and preserve the books, records, etc., deposited or kept in his office.

Counsel for plaintiff, in an argument which may be said to possess the merit of ingenuity, contends that the county clerk holds three offices, namely, those of county clerk, clerk of the board of commissioners, and recorder of deeds; and that the salary to which he is limited by section 12 applies to him only as county clerk, leaving him the right to independent compensation for his services in his other two offices. Counsel, in undertaking to separate the clerk of the board of commissioners and the recorder of deeds from the county clerk, and from each other, has, we think, misconceived the law. The county clerk holds but one office. He discharges the duties of clerk of the board, and recorder of deeds, *ex officio.* These services are required of him solely by virtue of his office of county clerk. The law imposes these duties upon the county clerk, and the fees and emoluments which arise from their performance are the fees and emoluments of his one office. They are required by law to be paid over to the county treasurer; and the salary, payable out of his fee fund, is the only compensation to which the county clerk is entitled for all the services with which his office is charged.

For his services as clerk of the board of commissioners the law allows the county clerk a fixed sum *per diem ;* and counsel argues that charges for these service are not fees, but are in the nature of a salary, receivable by him for special services, which he is nowhere specifically required to pay into the treasury, and which he is therefore entitled to, in addition to the salary mentioned in section 12; and he finds an absurdity in the idea of the clerk collecting money from the county, paying it back to the county, and then receiving it again from the county. The difficulty which counsel has

elaborated here is not apparent.   Conceding that technically a *per diem* is improperly called fees, yet the legislature has classified it as such, and it is with the legislative intent only, that we are concerned.   On the same day of the approval of the Salary Act, April 6, 1891, an Act was approved, entitled " An Act Concerning Fees," etc.   Session Laws, 1891, p. 200. It prescribes the fees of county officers for the various services required of them ; and among them those of county clerk, to which section 7 is devoted.   By this section the charges for recording instruments, making abstracts of title, making copies of records, making tax lists, serving as clerk of the board of county commissioners, and for the performance of other services required of him, are separately defined. For serving as clerk of the board he receives a *per diem*, but this service is placed in the same category with his other services, and the section applies the term " Fees " to all the charges authorized, without distinction or discrimination ; and it is the fees or charges here provided for, including his *per diem* as clerk of the board, that the county clerk is required by the Salary Act to turn over to the county treasurer.   Nor is there any absurdity in receiving fees from the county, paying them back to the county, and receiving them again as salary.   The same thing occurs with the sheriff and county judge.   Each of them, in the exercise of the duties of his office, may become entitled to fees from the county which it must pay, notwithstanding they are immediately returned, and eventually paid back to the same officer when his salary is allowed.   The legislature has prescribed this method for transaction of such business ; the law is valid, and courts have no alternative except to declare it, when called upon for that purpose.

But the condition upon which the board of commissioners approved the bill was unwarranted.   The amount charged by the plaintiff for his services as clerk of the board was payable to him absolutely, and the board had no authority to annex to its payment a condition that it be paid into the treasury, or any other condition whatever.   The Salary Act

makes it the duty of the clerk to collect every fee for services performed by him, and provides a forfeiture if he shall willfully or negligently fail to do so.  It also requires him, individually, to pay the fees collected by him to the treasurer ; and imposes a penalty upon him for his default in that particular.  On the first Monday of each month, during his term of office, he must make to the chairman of the board of commissioners a report in writing, under oath, of all the fees, commissions and emoluments of his office, of every name and description, stating fully the manner in which such fees and emoluments accrued.  Section 573 of the General Statutes, 1883, requires from him a bond, with approved security, conditioned for the faithful performance of all the duties of his office and the payment of all moneys that may come into his hands as clerk, as required by law.  No duty is devolved upon any individual, corporation or board, to see that he makes the proper disposition of the fees which he collects ; he alone is responsible for that ; and against any malfeasance, misfeasance, or nonfeasance on his part, the county is amply protected.  But the commissioners have no right upon any pretext, or in any manner, to withhold from him payment for services rendered to the county.

The plaintiff's bill should have been unconditionally allowed, and the amount paid to him ; and if he had failed or refused to pay it into the treasury, as the law requires, then the commissioners could have instituted the necessary and proper proceedings for the protection of the county.

Upon the facts the plaintiff was entitled to judgment, and because it was given against him, it must be reversed.

*Reversed.*